# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MACKENZIE BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: CIV-20-771-C ) |
| ROGER WARDMAN and SUN VALLEY INC., | ) ) ) ) |
| Defendants. | ) |

**ANSWER OF DEFENDANT, ROGER WARDMAN**

The Defendant, Roger Wardman ("Wardman"), by counsel, consistent with the Federal Rules of Civil Procedure, for his Answer to the Plaintiff's Petition filed in the state court action on April 6, 2020 [Doc. 1-3], hereby denies every allegation contained therein unless specifically admitted in this Answer, and for further response, states as follows:

1. In response to the allegations of paragraph 1, this Defendant admits that an accident occurred on the date and at or near the location described in Plaintiff's Petition involving the vehicles driven by this Defendant and Plaintiff wherein the two vehicles came into contact with each other. However, this Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 1.

2. This Defendant is without sufficient information to admit or deny the allegations of paragraph 2.

3. This Defendant admits the allegations of paragraph 3.

4. This Defendant admits the allegations of paragraph 4.

5. This Defendant admits the allegations of paragraph 5.

6. This Defendant admits the allegations of paragraph 6.

7. This Defendant admits the allegations of paragraph 7.

8. In response to the allegations of paragraph 8, Defendant Wardman admits he was an employee of Sun Valley and, if he is determined to have acted negligently and such negligence caused or contributed to the accident described in Plaintiff's Complaint, then his employer may be held vicariously liable for his negligence under a theory of *respondeat superior*.

9. This Defendant denies the allegations of paragraph 9 as stated.

10. This Defendant denies the allegations of paragraph 10.

11. In response to the allegations of paragraph 11, this Defendant denies all allegations of negligence, but is without sufficient information to admit or deny the extent of Plaintiff's alleged damage.

12. This Defendant denies the allegations of paragraph 12.

13. This Defendant denies the allegations of paragraph 13.

14. This Defendant denies the allegations of paragraph 14 and Plaintiff's subsequent prayer for relief.

## **AFFIRMATIVE DEFENSES**

This Defendant asserts the following potentially applicable affirmative defenses, without prejudice to his right to assert additional affirmative defenses of which he becomes aware through discovery and/or to withdraw asserted defenses that are determined to be inapplicable upon the completion of discovery, to-wit:

1. Plaintiff has failed to state a claim upon which relief can be granted against this Defendant, including but not limited to his claim for punitive damages.

2. Plaintiff may have been contributorily negligent.

3. Plaintiff may have been negligent, and Plaintiff's percentage of negligence may be of sufficient percentage to completely bar or reduce any recovery herein pursuant to the principles of comparative negligence.

4. Plaintiff's Petition fails to state a claim for which relief can be granted against this Defendant for negligent hiring, training, supervision and retention. *See generally, Jordan v. Cates,* 1997 OK 9; *N.H. v. Presbyterian Church (U.S.A.),* 1999 OK 88, and their progeny.

5. Some or all of Plaintiff's medical conditions may have pre-existed the subject accident.

6. Some or all of Plaintiff's medical treatment and the corresponding expenses may have been unreasonable, unnecessary and/or not directly caused or contributed to by the subject accident.

7. Plaintiff may have failed to mitigate his alleged injuries and/or damages.

8. The admissibility of Plaintiff's medical expenses is strictly limited by the application of 12 O.S. Section 3009.1.

9. The imposition of punitive damages may be unconstitutional under both federal and state constitutions.

10. All liability in this matter, if any, is several only, by Oklahoma statute.

11.     To the extent this case raises issues of fact making it incapable of disposition by summary proceedings, this Defendant demands a jury trial.

12.     Discovery in this case has not yet begun. Therefore, this Defendant reserves the right to amend this Answer to assert additional affirmative defenses to which it may be entitled and/or to withdraw asserted affirmative defenses through the completion of discovery.

WHEREFORE, premises considered, this Defendant, Roger Wardman, prays that he be discharged from this action, together with his costs, including a reasonable attorney's fee, and for any other such further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

_/s/ Charles A.Schreck_____
Peter L. Wheeler
Oklahoma Bar No. 12929
Charles A. Schreck
Oklahoma Bar No. 32863
Attorneys for Defendants
PIERCE, COUCH, HENDRICKSON,
 BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
(405) 235-1611 (O)
(405) 235-2904 (F)
pwheeler@piercecouch.com
cschreck@piercecouch.com

## **CERTIFICATE OF SERVICE**

I certify that on **August 12, 2020**, I electronically transmitted the attached document to the Clerk of Court via electronic mail for filing. I also transmitted the attached document to the following counsel via electronic mail and by United States Mail, with first class postage prepaid fully thereon.

Monty L. Cain
Anthony M. Alfonso
Lauren M. Langford
 CAIN LAW OFFICE
P.O. Box 892098
Oklahoma City, OK 73189
Telephone: (405) 759-7400
Facsimile: (405) 759-7424
*Attorneys for Plaintiff*

                                               */s/ Charles A. Schreck*
                                               Charles A. Schreck